UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THEADORE BLACK,
1410909529

        Plaintiff,

-against-

P.O. BLACKMUN; P.O. SALTERS; P.O.
PIERCE; P.O. LINDA WHEELER;
DETECTIVE JOHN DOE; DETECTIVE
JOHN DOE; POLICE OFFICER RIGOBERTO
NUNEZ; SGT. GONZALEZ; DR. LITUNGI,
Otis Bantum C.C.; MR. MACK of Mental
Health at OBCC; MS. BUSH, Mental Health
at OBCC; MS. JOHNSON of Mental Health at
OBCC; CAPT. SALLEY of Security at OBCC;
ADA MOORE at OBCC; C.O. BYRD at OBCC;
C.O. Rivera at OBCC; HEARING OFFICER
OF 3/25/10 (BENSON?),

        Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**

11-CV-2372 (BMC)

**COGAN, District Judge**.

Plaintiff, currently incarcerated at Rikers Island Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983, against more than twenty defendants alleging false arrest, malicious prosecution, false misbehavior report at Rikers Island and the denial of proper medical and mental health care at Rikers Island. By Order dated May 26, 2011, the Court granted plaintiff's request to proceed *in forma pauperis*, dismissed the complaint against defendants District Attorney Hynes, Poulos, Warden of the Otis Bantum Correction Center, and the Assistant District Attorneys assigned to his criminal action. As to plaintiff's claims against the remaining defendants, the Court directed plaintiff to provide within 30 days any reason why the action should not be stayed in light of his pending criminal case. On June 20, 2011, plaintiff

filed a timely response. The United States Marshals Service is directed to serve the summons and complaint upon the defendants without prepayment of fees.

Two of the defendants named by plaintiff are John Doe detectives employed by the New York City Police Department and were present at the arrest of plaintiff on June 16, 2009 along with police officer Nunez, Shield Number 16550 of the 90th Precinct. Further, plaintiff names "hearing officer of 3/25/10 (Benson?)" as a defendant. According to the complaint, on March 25, 2010, at Otis Bantum Correction Center at Rikers Island, this officer, possibly named Benson, convicted plaintiff of misbehavior and sentenced him to sixty days in punitive segregation. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997)(*per curiam*), the Court requests that Corporation Counsel ascertain the full names and service addresses of the detectives who were involved in plaintiff's arrest on June 16, 2009 and the administrative hearing officer in plaintiff's March 25, 2010 administrative hearing. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the June 16, 2009 arresting detectives and the March 25, 2010 administrative hearing officer within twenty days of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

The United States Marshals Service is directed to serve the summons and complaint upon defendants Blackmun, Salters, Pierce, Wheeler, Nunez, Gonzalez, Litungi, Mack, Bush, Johnson, Salley, Moore, Byrd, and Rivera without prepayment of fees.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997)(*per curiam*), Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the arresting officers and the Rikers Island administrative hearing officer within twenty days of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
June 21, 2011