FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 01 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
THEADORE BLACK,

                Plaintiff,

    - against -

EMILE BLACKMUN, et al.,

                Defendants.

---------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

11 Civ. 2372 (BMC)(ALC)

**COGAN**, District Judge.

Theadore Black, currently serving a term of five years on a state conviction for weapons possession, brings this action for damages under 42 U.S.C. § 1983 against two groups of defendants: (1) the parole officers who assisted in his arrest (the "Parole Officers")[1]; and (2) the Department of Corrections employees who, according to Black, either failed to properly care for him or subjected him to unwarranted disciplinary charges while in custody (the "Corrections Defendants").[2] Both groups of defendants have moved to dismiss the case under Fed. R. Civ. P. 12(b)(6). Black has filed opposition and has also proposed an amended complaint that adds additional defendants and additional allegations of wrongdoing against the previously-named Corrections Defendants. For the reasons set forth below, the Parole Officers' motion is granted; the Corrections Defendants' motion to dismiss is granted in part; and Black's motion to amend the complaint is denied except that his new allegations regarding supportive footwear are deemed to be added to his original complaint.

---

[1] This includes the following defendants: Emile Blackmun; Samuel Salters; and Linda Wheeler.

[2] This includes the following defendants: Dr. Michael Latunji; Yvonne Bush; Allison Johnson; Joe Salley; Darryl Moore; George Bird; and Chazley Rivera.

## **BACKGROUND**

Black was released from custody and placed on parole in 2005 after serving close to fifteen years for multiple felony and misdemeanor convictions, including at least one that occurred while Black was custody. In 2009, his parole officer learned that, while on parole, Black had been arrested for selling counterfeit DVDs and had violated the terms of his parole by failing to report the arrest to his parole officer. The parole officer and his supervisor, accompanied by New York City police officers, made an unannounced visit to the home of Black's girlfriend and her mother, where Black was residing. They conducted a search and recovered counterfeit DVDs; a DVD maker; a fanny pack containing a .22 caliber revolver and identification with Black's name; a hunting knife with an eight-inch blade; a safe containing a .38 caliber revolver; another .22 caliber pistol with a magazine; and a plastic garbage bag containing two shotguns and a .22 caliber rifle with live rounds. All three of the parole officers who participated in the search are defendants in this case.

Black was tried before a jury and convicted of four counts of criminal possession of a weapon in the third degree. In pretrial proceedings, he moved to suppress the fruits of the arrest based on the same contentions of illegal search and illegal arrest that he raises here; the state court denied his motion in a reasoned decision. Black is currently in custody as a result of his conviction.

## DISCUSSION

### I. Claims Against the Parole Officers

Although the Parole Officers have moved to dismiss under Rule 12(b)(6), they have submitted evidence beyond the face of the complaint and the Court will therefore treat their motion as one seeking summary judgment. See Fed. R. Civ. P. 12(d); see also Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999). I note that both groups of defendants provided Black with the required notice under Local Rule 12.1 that this could occur, and Black himself submitted material *dehors* the complaint in opposition to the motion. Thus, there is no unfair surprise to Black from the conversion of the motion. See In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985) (conversion is appropriate where non-moving party "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment"); Zynger v. Dep't of Homeland Sec., 615 F. Supp. 2d 50, 59 n. 9 (E.D.N.Y. 2009) ("Where a party has submitted evidence outside the complaint, that factor weighs in favor of that party having had sufficient notice that a motion to dismiss might be converted into a motion for summary judgment . . . ."), aff'd, 370 F. App'x 253 (2d Cir. 2010).

Summary judgment should be granted if the materials in the record show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When undisputed facts establish a legal defense, summary judgment is appropriate. See, e.g., Rexall Sundown, Inc. v. Perrigo Co., 651 F. Supp. 2d 9, 31 (E.D.N.Y. 2009).

Black claims that he is entitled to damages because he was "illegally arrested" pursuant to an "illegal search" of his girlfriend's home, and that the weapons seized belonged to his girlfriend's mother, not to him. The undisputed evidence shows that these weapons formed the

3

basis of Black's conviction for criminal possession of a weapon. As noted above, Black moved to suppress the weapons on these same grounds and the state court denied his motion. Because Black's conviction hinged directly on the weapons procured during this allegedly unlawful search, an award of damages would necessarily imply the invalidity of his state court conviction. Black is therefore precluded from recovering damages on these claims under § 1983. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364 (1994) (§ 1983 plaintiffs are precluded from bringing claims that necessarily call into question the validity of a state court conviction); Williams v. Ontario County Sheriff's Dep't, 662 F. Supp. 2d 321, 329 (W.D.N.Y. 2009) (a § 1983 claim alleging an unconstitutional arrest that would render the evidence procured during arrest inadmissible at trial necessarily implies the invalidity of plaintiff's conviction). Summary judgment is therefore warranted in favor of the Parole Officers, and the claims against them are dismissed.[3]

## II. Claims Against the Corrections Defendants and Additional Defendants

In contrast to the Parole Officers' motion, the Corrections Defendants have confined their motion to the face of Black's complaint and his proposed amended complaint. Conversion of their Rule 12(b)(6) motion to one for summary judgment is therefore unnecessary. When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway

---

[3] Black brings these same claims against the New York City police officers who cooperated with the Parole Officers in his arrest – Rigoberto Nunez, Priscilla Benson, Candido Salgado, Kenneth Tysdale, and Janice Gonzalez – although it does not appear that he served all of them. Nevertheless, since the rationale for dismissal of the Parole Officers is equally applicable to the defendant police officers, they are dismissed as well. See Alki Partners, L.P. v. Vatas Holding GmbH, 769 F. Supp. 2d 478, 499 (S.D.N.Y. 2011) (the court has authority to dismiss non-moving defendants, particularly where the grounds for dismissal are the same as the grounds for dismissing the moving defendants).

4

Auth., 584 F.3d 82, 88 (2d Cir. 2009) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must state a claim to relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "'[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). Although these standards apply to *pro se* litigants, this Court "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'" Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)) (internal citation omitted).

In his initial complaint, Black made the following allegations concerning the conditions of his confinement: (1) it took six months for prison officials to provide Black with supportive footwear to relieve his diabetes-related foot pain; (2) two Corrections Defendants wrote false misbehavior reports, and the hearing officer wrongfully found him guilty; and (3) Black told three prison counselors that he could not tolerate dormitory living arrangements and told the Captain that if he was not placed in isolation, he would have to assault another prisoner to be moved there, but they refused to move him. In his proposed amended complaint, Black adds the following additional allegations: (1) on two occasions, three previously unnamed defendants took his supportive footwear and the New York City Comptroller declined to settle Black's claim; (2) his wheelchair-bound friend was sexually harassed by an unnamed Department of Corrections employee when she came to visit Black; (3) his "legal work" was destroyed in a fire; (4) he was exposed to lead or asbestos poisoning in his cell prior to trial; (5) the facility where he is housed does not have separate urinals; (6) the beds in his dormitory are too close together; (6)

5

he did not receive diabetic meals for some period of time; and (7) he was unreasonably denied a family visit on one occasion.

Several of the infringements about which Black complains are simply not actionable. He has no right to unfettered visitation and thus cannot recover damages for having been denied one visitation day with his family. See KY Dep't of Corr. V. Thompson, 490 U.S. 454, 461, 109 S. Ct. 1904 (1989) ("The denial of prison access to a particular visitor is 'well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause.") (quoting Hewitt v. Helms, 459 U.S. 460, 468, 103 S. Ct. 864 (1983)). Black is similarly barred from recovering damages for his loss of visitation with his wheelchair-bound friend. See id. Black does not assert that he personally suffered any other injury resulting from the alleged sexual harassment of his friend, and he therefore has no standing to pursue damages on her behalf as a result of this alleged mistreatment. See generally, Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130 (1992).

With regard to the fire that destroyed Black's legal papers while he was in pretrial detention, Black does not suggest that the papers were deliberately burned; an accidental fire, without more, cannot rise to the level of "deliberate indifference," and therefore does not violate the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63 (2d Cir. 2009). Similarly, Black's preference for isolation rather than integration with the general prison population, and his complaint that the beds in the dormitory are too close together, are not his choices to make unless he has demonstrated that there is a substantial risk of serious harm from the defendants' decision concerning how he is to be housed. Cf. Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) (hearing required where transvestite claimed he was raped while in the general population and prison officials, despite notice of this, refused to remove him). Here, Black

alleges only that he does not like the bed checks in the general population; that he cannot sleep well there; and that he would be better off in isolation because his insulin sometimes causes him to feel paranoid and irritated. While the Constitution grants inmates the right to be treated humanely in prison, it does not guarantee that prison will be comfortable. See Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001). Moreover, prisoners do not have a constitutional right to be housed in the facility of their choice. See Covino v. VT Dep't of Corr., 933 F.2d 128, 129 (2d Cir. 1991) (noting that "'the transfer of an inmate to less amenable . . . quarters for nonpunitive reasons' is not a right protected by the due process clause itself") (quoting Hewitt, 459 U.S. at 468). These claims are therefore insufficient to make out a "plausible" claim that Black has suffered a constitutional violation.[4]

In response to Black's claims regarding his supportive footwear, the Corrections Defendants only state that "plaintiff's foot pain is not a sufficiently serious medical condition" to make out a claim under the Eighth Amendment. Although it is a close call, I disagree. Black alleges that his diabetes causes pain in his feet and that a prison doctor prescribed supportive boots for his condition, but Dr. Litunji "denied [him] the boots" for six months, causing Black to experience severe pain. To adequately plead a claim for an Eighth Amendment violation in the medical context, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976). It is well settled in the Second Circuit that "deprivations of medical care that cause or perpetuate pain are sufficient to state an Eighth Amendment claim," Barreto v. County of Suffolk, 762 F. Supp. 2d 482, 488 (E.D.N.Y. 2010) (citing Brock v. Wright, 315 F.3d 158, 163 (2d Cir. 2003)), provided that the plaintiff alleges facts in support of the conclusion that the

---

[4] It is obvious that plaintiff has no right to a urinal in addition to a toilet.

deprivation was "sufficiently serious" and the defendant acted with "deliberate indifference to inmate health." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

Black alleges that Dr. Litunji, Corrections Officer Scoma, Corrections Officer San Martin, and Captain Thomas "knew that plkaintiff [sic] was having severe pain in his feet and that plaintiff is an insulin depend[e]nt diabetic," yet "wantonly placed this plaintiff[']s health in danger by taking his supportive footweaar [sic] numerous times" and by delaying for six months before providing Black with the boots in the first place. Furthermore, by alleging that a prison doctor prescribed Black these supportive boots and that the Corrections Defendants "knew that this plaintiff had medical documents substantiating the need for supportive footwear," Black has provided concrete facts, as required by Iqbal and Twombly, in support of his conclusion that the defendants were conscious of his medical needs. Viewing Black's complaint in the light most favorable to him, and taking special consideration of his *pro se* status, I find that his allegations related to his supportive footwear are adequate to state a claim for deliberate indifference under the Eighth Amendment.[5]

In opposition to this claim, the Corrections Defendants rely on Hallett v. City of New York, No. 08 Civ. 2831 (CM), 2010 U.S. Dist. LEXIS 33269, at *14-16 (S.D.N.Y. Mar. 26, 2010). In Hallett, Judge McMahon analyzed a full record, including the testimony of the plaintiff, and determined that the plaintiff's diabetes-related foot pain was not sufficiently serious to survive a motion for summary judgment on his Eighth Amendment claim.[6] Black's medical claim may well suffer the same fate as the plaintiff's claim in Hallett by failing at the summary

---

[5] The same is not true for Black's allegation that he was denied diabetic meals, as he fails to allege that he suffered any pain or actual injury from this deprivation, see McCann v. Coughlin, 698 F.2d 112, 126 (1983), and he fails to allege that any particular defendant deprived him of these meals. This allegation is therefore inadequate to state a "deliberate indifference" claim.

[6] The remaining cases relied upon by the Corrections Defendants are either summary judgment cases or are inapposite for other reasons.

judgment stage. But I cannot assess the seriousness of Black's pain on the pleadings and this Court will not bar adequately pled claims without a sufficient factual record to determine whether they can reasonably be put to a jury.

The same is not true of Black's claim of asbestos or lead paint exposure. Black does not allege that he has developed any diseases or conditions relating to that exposure; it is common enough for people in any environment to be exposed to toxins without injury. Black therefore does not allege facts sufficient for this Court to find that this claim has crossed "the line from conceivable to plausible," as required under Iqbal. 129 S. Ct. at 1951 (quoting Twombly, 550 U.S. at 570).

Finally, the Corrections Defendants' motion to dismiss Black's claims for improper discipline is granted. Black's own allegations show that he had the administrative hearing to which he is entitled and was found guilty; the fact that he disagrees with the outcome or believes the hearing officer should have weighed the evidence differently does not state a plausible constitutional claim. See Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986) ("Since [plaintiff] was granted a hearing, and was afforded the opportunity to rebut the charges against him, the defendant's filing of unfounded charges did not give rise to a *per se* constitutional violation actionable under section 1983.").

### III. Black's Motion to Amend the Complaint

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court may give leave to amend a complaint "freely . . . when justice so requires," it is well established that "leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003). As discussed above, most of the allegations raised in Black's proposed amended complaint are inadequate to state a claim for relief. His proposed

9

amendments would be therefore futile, and leave to amend is denied except that Black's allegations regarding his supportive footwear are deemed to be included in his original complaint.

## CONCLUSION

The Parole Officers' motion to dismiss is converted to a motion for summary judgment and is granted; the claims against them, and the police officers, are dismissed without prejudice to reinstatement if Black successfully appeals his conviction. The Corrections Defendants' motion to dismiss is granted as to all claims except those related to Black's supportive footwear; defendants Yvonne Bush; Allison Johnson; Joe Salley; Darryl Moore; George Bird; and Chazley Rivera are therefore dismissed. The Corrections Defendants' motion to dismiss is denied as to defendant Michael Latunji. Black's motion to amend the complaint is denied except as to his allegations regarding supportive footwear.

Pursuant to Valentin v. Dinkens, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Court requests that Corporation Counsel ascertain the full names and service addresses of Corrections Officer Scoma, Corrections Officer San Martin, and Captain Thomas, and produce this information within twenty days of this Order. Once this information is provided, Black's complaint shall be deemed amended to reflect the full names of these defendants, summonses shall be issued and the Court shall direct service on these defendants.

Judge Carter shall continue to supervise pretrial proceedings in this matter. The remaining defendants (Litunji; Scoma; San Martin; and Thomas) may move for summary judgment without leave of the Court upon Judge Carter's certification that discovery is sufficiently complete for that purpose.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45, 46 S. Ct. 131 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
November 30, 2011